USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENNIS BUJAN,

                            Plaintiff,

           - against -

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
------------------------------------------------------------X

13 Civ. 5338 (LGS) (RWL)

**ORDER: ATTORNEYS' FEES**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      Earlier in this case, Plaintiff successfully obtained remand of an adverse decision denying his application for Social Security Disability benefits. Following remand, Plaintiff successfully obtained a substantial award of retroactive benefits. Plaintiff's counsel previously received $40,425 for work performed at the administrative level, as well as $6,200 under the Equal Access to Justice Act ("EAJA"). Plaintiff's counsel now has applied for an award of attorneys' fees for counsel's work on this court action in the amount of $19,800 pursuant to 42 U.S.C. § 406(b)(1). The Court has reviewed the parties' respective filings and GRANTS an award of the requested fees.

      Section 406 discretely addresses attorrneys' fees expended in connection with administrative proceedings, 42 U.S.C. § 406(a), and those in connection with a challenge in court, 42 U.S.C. § 406(b). Under Section 406(b), attorneys' fees may not exceed 25 percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). The 25 percent cap applies only to fees for representation before the court, not the agency; although Section 406(a) also has a cap, the Supreme Court has held that

1

the cap under Section 406(b) is not a cap on the aggregate of fees awarded under Sections 406(a) and 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019).

Another source of attorneys' fees for social security disability cases is the EAJA. If, however, an attorneys' fees award under Section 406(b) exceeds the EAJA funds received, then the claimant's attorney must refund to the claimant the amount of the smaller fee. In other words, there is a dollar-for-dollar offset of any 42 U.S.C. 406(b) fee by an EAJA award. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

Typically, as here, social security benefit practitioners work on a contingency-fee arrangement. The Court is charged with the obligation to review such arrangements for reasonableness. *Gisbrecht*, 535 U.S. at 808 (2002). In assessing reasonableness, the Court considers, among other factors, the character of the representation and the result obtained. *Id.* at 808. The Court also considers whether the contingency arrangement is the result of fraud or over-reaching and whether the fee would bring a windfall to claimant's counsel. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

The Court finds that the amount requested here is reasonable and is neither the result of fraud or over-reaching, nor a windfall to counsel. The amount requested is far less than 25 percent of the claimant's retroactive benefits. Plaintiff's counsel expended 33 attorney hours of work on the case, which amount the Court deems reasonable in light of the tasks performed. Considering the hours expended together with the amount of fees requested yields a *de facto* hourly rate of approximately $600. As the Government notes, that rate is within the range that courts have approved in these types of cases. (Dkt. 33 at 2.)

Accordingly, Plaintiff's motion is GRANTED, and Plaintiff's counsel shall receive $19,800 in attorneys' fees. Upon receipt of fees, Plaintiff counsel shall refund $6,200 to Plaintiff, being the amount Plaintiff's counsel received under the EAJA.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2020
New York, New York

Copies transmitted this date to all counsel of record.